**William WELLS**

v.

**MONTGOMERY COUNTY, et al.**

**No. Civ.A. DKC 97–2605.**

United States District Court,
D. Maryland.

Feb. 25, 2002.

■■■■■■■■■■■■■■■■

―――――

Suzanne Levin, Kensington, MD, for plaintiff.

Kevin M. Murphy, Carr Maloney, PC, Washington, DC, for Montgomery County, MD.

Kevin M. Murphy, Carr Maloney, PC, Washington, DC, Tina M. Maiolo, Washington, DC, for Laytonville Volunteer Fire Dept. J.B. Kline, Board of Directors, Stanley Sutton, Matt Montgomery, defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This employment discrimination case is before the court after remand from the Fourth Circuit. The court's original ruling that Defendants were not state actors for purposes of 42 U.S.C. § 1983 was vacated and the case was remanded for further proceedings.[1] Defendants continue to assert that summary judgment should be entered on this claim, based on the factual posture found by the court and affirmed by the Fourth Circuit with regard to the Title VII claim. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.

## I. Background

Plaintiff William Wells has been a career firefighter in Montgomery County since November 1973, serving in fire departments in Glen Echo, Bethesda, Wheaton, Hillandale, Laytonsville, and most recently Gaithersburg. From June 1994 to November 1996, Plaintiff worked at the Laytonsville Volunteer Fire Department ("LVFD") as Station Commander.

LVFD has both volunteer and career firefighters, and the record provides ample evidence of the ongoing tension between the two groups. In particular, Plaintiff described three incidents in 1996 which occurred while Plaintiff was the Station Commander at LVFD. On March 7, volunteer firefighters barricaded themselves in a bunkroom to protest career firefighters waking them up during the night. In May 1996, a second incident occurred when volunteer firefighters including Defendant Montgomery allegedly returned a self-contained breathing apparatus to the station without using the proper cleaning procedures. Plaintiff, as Station Commander, reported the volunteer firefighters for their conduct on each occasion.

Finally, on June 4, 1996, a group of volunteer firefighters allegedly held down and "spanked" Nancy Banks, a career firefighter, on her birthday. Although not present during the Banks incident, Plaintiff reported the event to his supervisors, encouraged Banks to file an EEOC complaint, and provided assistance in the EEOC investigation. On June 5, 1996, the day following the Banks incident, Defendant Chief J.B. Kline called Montgomery County Department of Fire and Rescue Services to request that Plaintiff be transferred. Defendants assert that Kline had on previous occasions mentioned the possibility of transferring Plaintiff, but the day after the Banks incident is the first time that Chief Kline mentioned that possibility to Plaintiff. On June 14, Kline, Defendant Sutton, and Defendant Board of Directors

---

1. Plaintiff's supplemental state law claim was dismissed without prejudice once both federal claims were resolved. On appeal, Plaintiff did not challenge that decision and the Fourth Circuit concluded that he thus abandoned that claim. Because the court will again resolve the § 1983 claim against Plaintiff, the state law claim will remain dismissed.

submitted the request in writing to the County for the first time.

The County initially resisted the suggestion, but after several months of consideration, ordered the transfer. Following the Banks incident and before the transfer, the conflict between the two groups worsened at LVFD. Volunteer firefighters allegedly violated rules and harassed the career firefighters, particularly Plaintiff, on an almost daily basis. The County finally offered Plaintiff two possible posts, at Gaithersburg Volunteer Fire Department or Hillandale Volunteer Fire Department. Plaintiff rejected the position at Hillandale, which would have offered similar hours and title as his previous position, because his son was a volunteer firefighter there. Plaintiff believed that County regulations forbade his working in a supervisory position where his son also worked. Therefore, the County transferred Plaintiff on November 24, 1996, to the Gaithersburg Volunteer Fire Department. There, Plaintiff is still at the captain level, but is no longer a Station Commander and therefore does not receive the 5% salary differential for that post. Furthermore, while previously Plaintiff worked four twelve-hour shifts per week, now Plaintiff works 24 hours on and 48 hours off—a schedule less desirable to him. Finally, Plaintiff claims that the Gaithersburg position offers significantly fewer overtime hours and, therefore, a lower net salary.

In his 42 U.S.C. § 1983 claim, Plaintiff asserts that Laytonsville Volunteer Fire Department and its Board of Directors violated his rights under the First and Fourteenth Amendments to the United States Constitution by his transfer, allegedly in retaliation for the exercise of his right of free speech and for his insistence on following mandatory county policy related to charges of sexual harassment.

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.,* 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED.R.CIV.P. 56(c); *Pulliam Inv. Co.,* 810 F.2d at 1286 (citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.,* 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judg-

ment with an affidavit or other similar evidence. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex Corp.,* the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

### III. Analysis

In the original decision, this court granted summary judgment to Defendants on the ground that there was insufficient evidence of state action. In light of *Goldstein v. Chestnut Ridge Volunteer Fire Co.,* 218 F.3d 337 (4th Cir.2000), that finding is in error. The court did not reach Defen-

dants' alternative arguments originally and will now proceed to do so.

■ A first amendment retaliation claim contains three elements: first, proof that the expressions related to matters of public concern; second, that the retaliatory action deprived plaintiff of a valuable benefit, and third, that there was a causal relationship between the protected expression and the retaliatory action. *Wagner v. Wheeler,* 13 F.3d 86, 90 (4th Cir.1993). With regard to the causation requirement:

> By its decision in the *Mt. Healthy [City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) ] and *Givhan [v. Western Line Consol. Sch. Dist.,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979) ] cases, the Supreme Court has allocated the burden of proof regarding causation between the parties in a first amendment discharge case in the following manner. The initial burden lies with the plaintiff, who must show that his protected expression was a "substantial" or "motivating" factor in the employer's decision to terminate him. If the plaintiff successfully makes that showing, the defendant still may avoid liability if he can show, by a preponderance of the evidence, that the decision to terminate the plaintiff would have been made even in the absence of the protected expression, more simply, the protected speech was not the but for cause of the termination.

*Wagner,* 13 F.3d at 90.

■ Generally, the standards under Title VII are applicable to parallel actions under 42 U.S.C. §§ 1981 and 1983. See, e.g. *Causey v. Balog,* 162 F.3d 795, 804 (4th Cir.1998) ("Because Causey failed to establish that the defendants violated his rights under Title VII, his similar claims brought under sections 1981 and 1983 must also fail. See *Gairola v. Virginia Dept. of General Services,* 753 F.2d 1281,

1285 (4th Cir.1985) (elements of a prima facie case are the same under Title VII, § 1981, and § 1983).”); *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir.1994) (“Courts may apply the standards developed in Title VII litigation to similar litigation under § 1983. See *Boutros v. Canton Regional Transit Auth.*, 997 F.2d 198, 202–03 (6th Cir.1993); *Trautvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir.1990).”)

Defendants assert that the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), shifting burden of proof scheme applicable in Title VII cases should be used to analyze this claim and that, inasmuch as summary judgment has been granted against Plaintiff on the parallel Title VII claim, the § 1983 claim fails as well. Plaintiff disputes the applicability of the *McDonnell Douglas* scheme by arguing that this is a “mixed motive” case, making *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the appropriate framework. He claims that there is direct evidence that his conduct regarding the Nancy Banks incident was the impetus.

■■■■ Plaintiff’s attempt to characterize the evidence as “direct” fails. To satisfy the standard from *Price Waterhouse* for “[d]irect evidence that a decision maker placed substantial negative reliance on an illegitimate criterion,” 490 U.S. at 277, 109 S.Ct. 1775 (O’Connor, J., concurring), requires “evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision.” *Fuller v. Phipps*, 67 F.3d 1137, 1142 (4th Cir.1995). Other courts are equally emphatic. “[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer’s actions.” *Jacklyn v. Schering–Plough Healthcare Prods.*, 176 F.3d 921, 926 (6th Cir.1999). The Seventh Circuit said it most clearly: Direct evidence is “ ‘evidence that can be interpreted as an acknowledgment of discriminatory intent by the defendant.’ ” *Maldonado v. U.S. Bank*, 186 F.3d 759, 763 (7th Cir.1999) (quoting Troupe v. May Dept. Stores Co., 20 F.3d 734, 736 (7th Cir.1994)). As stated in the original decision, Plaintiff has only weak evidence of causation in the timing of the events. This court concluded that, other than the timing of his transfer, in proximity to both the EEO report and the mounting tension at LVFD, Plaintiff offers no evidence of retaliation other than his subjective impressions. As before, that is not enough.

## IV. Conclusion

The evidence in this case fails to measure up to the standard for direct evidence. At most, Plaintiff made out a prima facie case under the *McDonnell Douglas* burden shifting scheme. Defendants, however, successfully presented a non-discriminatory legitimate explanation, which Plaintiff failed to rebut as required under *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Accordingly, summary judgment will be granted in favor of Defendants on the § 1983 claim. A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of February, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants’ motion for summary judgment BE, and the same hereby IS,

GRANTED with respect to the claim under 42 U.S.C. § 1983;

2. Judgment BE, and the same hereby IS, ENTERED in favor of Defendants and against Plaintiff on the claim under 42 U.S.C. § 1983;

3. Plaintiff's state law claim BE, and hereby IS, DISMISSED without prejudice; and

4. The clerk is directed to transmit a copy of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.